IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**TINA NASH, et al.,**

                Plaintiffs,                        Case No. **6:23-cv-01848-AA**

        v.                                  OPINION & ORDER

**PEACEHEALTH**.,

                Defendant.

_____

AIKEN, District Judge.

Plaintiffs Tina Nash and Alexia Dukes bring a religious discrimination claim against their former employer, Defendant PeaceHealth, under Title VII of the Civil Rights Act of 1964 and ORS § 659A.030. *See* Compl., ECF No. 1. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint. ECF No. 6. For the reasons stated below, Defendant's Motion is GRANTED. Plaintiffs' claims are DISMISSED with leave to amend.

## BACKGROUND

By this time, the challenges faced due to the Covid-19 pandemic are well known. Responding to the threat of widespread infection, in August 2021, the Oregon Health Authority ("OHA") issued a rule requiring all Oregon healthcare providers

and staff to either be fully vaccinated against COVID-19 or comply with its process for documenting a religious or medical exception to the vaccines. OAR 333-019-1010.

The disruption of the pandemic was felt acutely among those who worked in healthcare facilities. However, the health and safety risks were deterred substantially by the development, approval, and widespread use of life-saving vaccines. As recognized by courts in this District, "Oregon responded to this crisis by mandating the vaccination of workers in healthcare settings, which this District has determined is 'a rational way to further the State's interest in protecting everyone's health and safety during the COVID-19 pandemic.'" *Detwiler v. Mid-Columbia Med. Ctr.*, No. 3:22-cv-01306-JR, 2022 WL 19977290, at *2 n.1 (D. Or. Dec. 20, 2022).

PeaceHealth is a nonprofit corporation, incorporated and headquartered in Vancouver, Washington, that operates hospitals and other healthcare facilities in Washington, Oregon, and Alaska. During the relevant period, PeaceHealth employed Plaintiffs as in-person "healthcare workers" in Oregon. Compl., ¶¶ 1, 4, and 7.

In August 2021, the OHA issued a rule requiring all Oregon healthcare workers to be fully vaccinated against COVID-19 or comply with its process for documenting a religious exception to the vaccine. OAR 333-019-1010 (the "OHA Vaccine Mandate"). In accordance with the OHA Vaccine Mandate, PeaceHealth "imposed a COVID-19 vaccine mandate for its employees beginning in September 2021." Compl., ¶ 3

Together, Plaintiffs now assert employment discrimination claims, under ORS 659A.030, alleging that PeaceHealth failed to accommodate, and thus discriminated

against, them based on their religious beliefs (i.e., their refusal to receive the COVID-19 vaccine) by not allowing them to work in a healthcare setting unvaccinated and placing them on indefinite unpaid leave.  In the Complaint, Plaintiffs collectively allege that they have "devout and sincerely held religious and philosophical beliefs" and their "sincerely held beliefs conflicted with [PeaceHealth's] COVID-19 vaccine mandate." Compl., ¶¶ 12-13.  They also allege that they "raised their objections to taking the COVID-19 vaccine."

Defendant asserts that Plaintiffs do not allege any facts as to what their religious beliefs are, or how they allegedly conflict with vaccination to support that conclusory allegation, let alone that they informed PeaceHealth of such religious conflict.  Plaintiffs individual allegations are:

> Tina Nash: "When the COVID-19 vaccine mandate was imposed, Plaintiff Nash applied for a religious exception due to her deeply held Christian beliefs." Compl., ¶ 5.

> Alexia Dukes: "After the COVID-19 vaccine mandate was imposed, Plaintiff Dukes applied for a religious exception due to her strongly held Christian religious beliefs." Compl., ¶ 8.

Defendant asserts that these are conclusory allegations insufficient to show they had, much less expressed to PeaceHealth, a religious conflict with COVID-19 vaccination.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When evaluating the sufficiency of a complaint's factual allegations, the court must accept

all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will not be granted if a plaintiff alleges the "grounds" of their "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

Further, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

### I. Religious Discrimination

Defendant PeaceHealth moves to dismiss Plaintiffs' Complaint on the basis that Plaintiffs have failed to state plausible claims for religious discrimination under Title VII and Oregon law.

To establish religious discrimination under Title VII based on a failure to accommodate theory, a plaintiff must plead that: (1) she had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of her inability to fulfill the job requirement. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).  Plaintiffs' state-law claims are analyzed the same way. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.") (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n. 2 (9th Cir. 1993); *Winnett v. City of Portland,* 118 Or. App. 437, 847 P.2d 902, 905 (1993)).

Regarding establishing a bona fide religious belief in conflict with an employment duty, "[a] religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)).

The court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n. 3 (9th Cir. 2021) (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617 (2018)).  While the burden to allege a conflict between religious beliefs and an employment duty is "minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-*

*Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023).  In addition, the court must distinguish between conflicts that are "rooted in religious belief" as opposed to ones based on "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).

Defendant's motion to dismiss argues that Plaintiffs fail to plead facts sufficient to establish the first element of a religious discrimination claim.  MTD at 6.  Defendant's motion to dismiss argues that Plaintiffs fail to plead facts sufficient to establish the first element.  MTD at 6.

With regard to the first element, although Title VII defines "religion" to include "all aspects of religious observance and practice, as well as belief," "Title VII does not protect secular preferences.*" Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998).  As a result, courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224–25 (9th Cir. 2023).  Further, "facts that hint at religious beliefs but do not specify how those beliefs conflict with receiving a COVID-19 vaccine," and other "'threadbare reference[s]' to religious beliefs [are] insufficient at the motion to dismiss stage." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023); *Detwile*r, 2022 WL 19977290, at *4 (noting belief that vaccine "may do more harm than good" was "secular/medical" (citing *Fallon v. Mercy Cath. Med. Ctr. of Se. Pennsylvania*, 877 F.3d 487, 492 (3d Cir. 2017)).

In support of Defendant's argument that Plaintiffs failed to plead a bona fide religious belief in conflict with its COVID-19 vaccine mandate, Defendant cites to numerous cases inside and outside of this district which have addressed the question of what allegations are sufficient to establish a sincere religious belief in conflict with an employment duty in the context of religious exemptions to COVID-19 vaccine and testing mandates.

In reviewing the case law, this District has noted that these cases generally fall into three categories: (1) those in which plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief. *See Prodan v. Legacy Health*, No. 3:23-CV-01195-HZ, 2024 WL 665079, at *3 (D. Or. Feb. 12, 2024) (so explaining).

In the first category of cases, courts appear to be in agreement that a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss. For example, in *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023), several plaintiffs alleged that the defendant "exalts itself in purporting to place an unbeliever in a position to judge the Word of God, it is blasphemy, satanic, sinful, untruth, and insultive [sic] trespass." The court concluded that "this allegation only generally emotes religious opposition to Defendant's authority to mandate vaccines" and that the plaintiffs "allege facts that hint at religious beliefs but do not specify how those

beliefs conflict with receiving a COVID-19 vaccine." *Id.* Accordingly, the court granted the defendant's motion to dismiss for failure to sufficiently allege religious beliefs in conflict with obtaining the mandated COVID-19 vaccine. Other courts have concluded the same when evaluating similar allegations. *See, e.g.*, *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-CV-00206-SB, 2023 WL 7612395 (D. Or. Oct. 23, 2023) (general allegation that the plaintiff was a "devout Christian" and "did not believe it was consistent with her faith to take the vaccine" insufficient), *report and recommendation adopted sub nom. Stephens v. Legacy Health*, No. 3:23-CV-00206 SB, 2023 WL 7623865 (D. Or. Nov. 14, 2023).

The Court agrees, that, if a plaintiff has plausibly alleged facts showing that her anti-vaccination beliefs are religious in nature, the Court should generally presume those religious beliefs are sincerely held. A plaintiff, however, still must allege sufficient facts to establish their sincere anti-vaccination beliefs are religious in nature. The Court finds that Plaintiffs allegations are accordingly not sufficient to survive Defendant's motion to dismiss. *See Trinh v. Shriners Hospitals for Children, No. 3:22-cv-01999-SB, at \*10, 2023 WL 7525228, (D. Or. Oct. 23, 2023)* (conclusory "'bodily integrity' and 'purity' objections" insufficient to plead religious belief on motion to dismiss).

## II.    Hostile Work Environment

Defendant points out that Plaintiffs Complaint may purport to allege a hostile work environment claim. The Court finds that any such claim is not plausibly alleged. Plaintiffs do not set out a separate count or claim for relief. Under their

First Claim for Relief, they allege: "[t]he Defendant also created an unlawful hostile work environment that targeted the Plaintiffs' status as objectors to the COVID-19 vaccine. As a consequence, the Plaintiffs were ridiculed, tormented, criticized, and isolated by their colleagues and even patients, causing significant distress." Compl., ¶ 16.  Plaintiffs also allege that "[t]he Defendant also created and fostered a hostile work environment for the Plaintiffs because of their religious and philosophical beliefs.  Plaintiffs were isolated, mocked, highlighted as being unvaccinated, ridiculed, and gaslighted by Defendant, its employees, and even at times, its patients." Compl., ¶ 11.  Those allegations are too vague and conclusory to survive a motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED.  Plaintiffs' employment discrimination claims under Title VII of the Civil Rights Act of 1964 and ORS § 659A.030 are DISMISSED.  Plaintiffs' purported claim of hostile work environment is DISMISSED.  Plaintiffs however are granted leave to file an amended Complaint in 30 days.  Failing to do so will result in dismissal without notice.

It is so ORDERED and DATED this  30th   day of September 2024.

 /s/Ann Aiken
ANN AIKEN
United States District Judge